## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **KEVIN BALLANCE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:21CV00187 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **J. O. HOLMAN, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Kevin Ballance, Pro Se Plaintiff; Ann-Marie White, Assistant Attorney General, CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Defendants.*

The plaintiff, Kevin Ballance, a Virginia inmate proceeding pro se, filed this civil rights action alleging federal claims under 42 U.S.C. § 1983. The matter is presently before me on the Motion for Summary Judgment by several defendants on the ground that Ballance has failed to exhaust his administrative remedies. After review of the parties' submissions, I conclude that the Motion for Summary Judgment must be granted and that three of Balance's four claims must be dismissed.

### I. BACKGROUND.

An inmate in the custody of the Virginia Department of Corrections ("VDOC"), "Ballance is currently serving multiple life sentences for several counts of forcible sodomy, aggravated sexual battery, abduction, and taking indecent

liberties with a child."[1]  *Ballance v. Zook*, No. 1:19CV330 (LMB/MSN), 2021 WL

3130864, at *3 (E.D. Va. July 23, 2021).

> For several years, Ballance, . . . has been compiling a book
> manuscript [which he refers to as a foreign film guide] that includes
> photographs. [Noninmate former co-plaintiff Phillip] Wohlford
> operates a home business in the Roanoke area called Typing and Inmate
> Services.  Ballance promised him a third of the "gross sales" from the
> book when it is published, and in exchange, Wohlford has been
> assisting Ballance with research and printing for the book, among other
> things.

*Wohlford v. Davis*, No. 7:18CV00224, 2019 WL 1294648, at *1 (W.D. Va. Mar. 20,

2019) (footnote omitted), *appeal dismissed*, 821 F. App'x 255 (4th Cir. 2020)

(unpublished).  According to Ballance, "'the VDOC [has been] after Balance's book

manuscript' and that [prison officials] conspired to accomplish that goal."  *Id.* at 2.

His 2018 lawsuit in this court alleged that officials at Green Rock Correctional

Center ("Green Rock") and Sussex I State Prison ("Sussex I") had confiscated

materials related to the co-plaintiffs' efforts to compile the manuscript.  On March

20, 2019, the court dismissed the claims Wohlford and Ballance had asserted against

Green Rock defendants, severed the remaining claims concerning events at Sussex

---

[1]  Ballance fails to offer a chronological account of the events or to delineate clearly
what claims he intends to bring.  Because Ballance mentions some of his prior § 1983
lawsuits in this court and in the United States District Court for the Eastern District of
Virginia, I will take judicial notice of the records in these cases as background for the
claims in this action.  Accordingly, this summary of events and claims is based on my
liberal construction of Ballance's submissions, the evidence attached to the defendants'
motion, and the prior court records.

I, and transferred them to the Eastern District of Virginia, *Wohlford*, 2019 WL 1294648, at *8-9, where they were docketed in case no. 1:19CV330 (LMB/MSN).

In the 2019 Eastern District case, *Ballance v. Zook*, after the defendants filed a Motion for Summary Judgment in May of 2020, the court notified the plaintiffs that if they failed to respond to the defendants' evidence and arguments, the court would decide their claims "based on the papers already filed by the plaintiff and the defendants, including any affidavits and other papers submitted" to support summary judgment. 2021 WL 3130864 at *2. In mid-July 2021, the court dismissed the claims as to Wohlford for failure to prosecute.[2] Thereafter, Ballance failed to file a timely response to the summary judgment arguments and evidence. By decision of July 23, 2021, the Eastern District court granted summary judgment for the defendants based on the existing record. *Id.* at *6. Ballance did not appeal.

The claims in the current lawsuit arose beginning in July 2020, while Ballance was confined at Buckingham Correctional Center ("Buckingham").[3] At that time, Ballance was allegedly preparing a response to the defendants' summary judgment

---

[2] After an order that had been mailed to Wohlford was returned to the Eastern District as undeliverable, followed by several filings signed only by Ballance, on July 14, 2021, that court dismissed Wohlford's claims from this action for abandonment of the litigation and his failure to maintain an up-to-date address with the Court. *Ballance,* 2021 WL 3130864, at *1 n.1.

[3] Ballance initially filed this case in September 2020 in the Eastern District. It was transferred to this court in March 2021 because it concerns events at Buckingham located within this judicial district.

motion in the Eastern District case, *Ballance v. Zook*.  On July 20, 2020, Typing and Inmate Services mailed Ballance an affidavit for that lawsuit and twenty-two pages of the foreign film guide manuscript.

On August 10, 2020, officers J.O. Holman, T. Rouse, F. Martin, A. Quinn, and D. LeSeur came to Ballance's cell and confiscated a number materials from his personal property.  The Notice of Confiscation of Property form in the record lists the pertinent items as follows: "4 Books containing child pornography," "1 Adult pornography magazine," "3 hand drawings of two boys," "1 religious pamphlet depicting children," "120 pages of photographs of semi-nude children on pink and white paper," and "Approx[.] 25 handwritten notes detailing movies with children." Mem. Supp. Mot. Summ. J., Meinhard Aff. Encl. C at 35, ECF No. 20-1.

Ballance filed a Regular Grievance, logged as BKCC-20-REG-00247,[4] complaining that the officers came to his cell after learning that he was litigating the Eastern District *Ballance v. Zook* lawsuit.  According to Ballance, the officers showed him "child sex books" and said that if he did not drop the lawsuit and stop working on his movie guide manuscript, they would use "the child pornography

---

[4]   This log number, BKCC-20-REG-00247, appears on the photocopies of the Regular Grievance described here and the related responses, as included in the defendants' documentation attached to their Summary Judgment motion.  Elsewhere in the defendants' memorandum and Meinhard's affidavit, the number is incorrectly listed as BKCC-20-REG-00237.  I do not find this typographical error to be of significance.

books" to bring criminal charges against him.  *Id.* at 33.  The Level I response to the

Regular Grievance stated, in part:

> An investigation into this matter indicates that [o]n Monday, August
> 10, 2020, while p[er]forming a shakedown in your cell (B4-321) by
> Lieutenant J. Holman, Sergeant T. Rouse, Unite Manager F. Martin,
> Psychologist A. Quinn, and Intel Officer LeSueur, four books
> containing child pornography were found along with multiple articles
> of young nude/semi-nude boys in which you claimed ownership.  This
> incident resulted in a disciplinary charge (Possession of Contraband -
> 224).  Staff was not aware of any lawsuit and did not threaten you with
> criminal charges as you are claiming in this grievance.   It was
> discovered that there was an attempt to send you pictures of young nude
> boys via mail and this is what initiated the search.
>
> Per Operating Procedure 803.2/Incoming Publications/Page 2 & 3
> Offenders at [VDOC] institutions should be allowed to subscribe to,
> order, and receive publications direct from any vendor so long as the
> publication does not: [c]ontain nudity or any sexually explicit acts,
> including child pornography or sexual acts in violation of state or
> federal law.

*Id.* at 32.  The Notice of Confiscation of Property form attached to the Level I

response indicates that Ballance refused to sign the form after the confiscations.

On August 31, 2020, Ballance filed a second Regular Grievance, logged as

BKCC-20-REG-00271, which complained that the officials involved in the search

refused to provide him the names of the confiscated pornography books.  He vowed

to sue them to obtain the books' names.  He stated that the officers came to his "cell

because [he] won the right to write [his] movie book with Typing and Inmate

Services in the lawsuit *Wohlford v. Davis*, 7:18CV330."  Meinhard Aff. Encl. D at

37, ECF No. 20-1.  The Level I response to this Regular Grievance provided the

names of the four books that officers had found to contain child pornography and confiscated accordingly: "'1001 Movies You Must See Before You Die', 'La Guerre Des Boutons', 'Moving Picture Boy' and 'Fellini the 60s'." *Id.* at 36.

Ballance also alleges that on August 28, 2020, Robinson "did inform [him] that because of [his] lawsuit and [his] grievance [Robinson] changed [VDOC Operating Procedure ("OP")] 803.2IV(N) to deny all nudity to sex offenders and to deny them the right to appeal the denial of any publication to the Publication Review Committee." Am. Compl. 3, ECF No. 5.  Ballance complains this policy change was retaliatory.

As stated, the claims that Ballance intends to pursue, based on the preceding events, are not clearly set forth in his Complaint or in his Amended Complaint. Ballance asserts broadly that the defendants took these actions with an intent to interfere with his litigation of the Eastern District lawsuit that was then pending.  He states that he intended to submit the affidavit and its attachments and parts of two of the confiscated books as evidence in that lawsuit.[5]  Ballance also alleges that the defendants' actions were part of an ongoing effort among VDOC officials to prevent

---

[5]  Specifically, Ballance states that two of the books, *1001 Movies You Must See Before You Die* and *Fellini: The Sixties*, had been approved for him to possess in prison for years.  In July 2020, he mailed Wohlford copies of affidavits, one of which described the intention to use pages from these two books as evidence in his Eastern District lawsuit. According to Ballance, defendant Woodson read that affidavit and notified Robinson, who ordered the officers to seize the books from Ballance's cell so his intended evidence from them could not be submitted to the court.  Am. Compl. 5, ECF No. 5.

him from exercising his constitutional right to write his foreign film guide, harkening back to his many past lawsuits complaining of previous confiscations of similar materials allegedly related to his manuscript.   Finally, Ballance complains, generally, of retaliation for his exercise of his First Amendment right to file lawsuits and to write his film guide.

Liberally construing Ballance's submissions, I find that he has alleged the following claims:

**Claim One**: Defendant C. A. Bryant, as directed by Defendant J. Woodson, denied Ballance a certain mailing from Typing and Inmate Services in July 2020 to prevent him from using materials in that mailing to oppose the summary judgment motion in the Eastern District lawsuit, *Ballance v. Zook*, in retaliation for that lawsuit and to interfere with Ballance's right to access the court.

**Claim Two**: Defendant A. David Robinson changed OP 803.2(IV)(N) "to deny all nudity to sex offenders and to deny them the right to appeal the denial of any publication to the Publication Review Committee," Am. Compl. 3, ECF No. 5, in retaliation for Ballance's lawsuit and for exercising his First Amendment right to write his foreign film guide.

**Claim Three**: As directed by Defendants Robinson and Woodson, on August 10, 2020, Defendants J.O. Holman, T. Rouse, F. Martin, A. Quinn, and D. LeSeur confiscated certain books and other materials containing child nudity from

Ballance's cell, in retaliation for his lawsuit and for exercising his First Amendment right to write his film guide and to interfere with his right to access the court.

**Claim Four**: Defendant D. Forbes "confirmed" that Holman, Rouse, Martin, Quinn, and LaSeur displayed "four (4) child pornography books from [Ballance's] cell on Aug. 10, 2020" and told him, "'D. Forbes is going to make sure you ware [sic] a child pornography charge in your institutional file,'" *id.* at 6, allegedly with the intent to retaliate against Ballance for his lawsuit and for exercising his First Amendment right to write his movie guidebook.

Defendants Forbes, Holman, LeSeur (whose name was misspelled in some parts of the record as Lesueur), Martin, Quinn, and Robinson, are named in Ballance's Claims Two, Three, and Four. They have filed an Answer and a Motion for Summary Judgment, arguing that Ballance failed to exhaust administrative remedies as to these claims. In support of their motion, they submit the affidavit of Buckingham's Grievance Coordinator, Stacey Meinhard. The defendants named in Claim One, C. A. Bryant and J. Woodson, do not dispute that Ballance properly exhausted administrative remedies as to that claim. Therefore, they have filed an Answer. Ballance has filed two affidavits, a declaration, and attached documentation in response to the defendants' motion, ECF Nos. 24, 37. Therefore, I find the defendants' motion to be ripe for disposition.

## II. DISCUSSION.

### A. The Exhaustion Requirement.

Under 42 U.S.C. § 1997e(a), a prisoner cannot bring a civil action in this court concerning prison conditions until he has first exhausted available administrative remedies.  This exhaustion requirement is "mandatory," *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016), and "applies to all inmate suits about prison life."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  To comply with § 1997e(a), an inmate must follow each step of the established grievance procedure that the prison facility provides to its inmates and meet all deadlines within that procedure.  *Woodford v. Ngo*, 548 U.S. 81, 90-94 (2006).  Even if the particular form of relief the inmate seeks in his lawsuit is not available through the prison's grievance proceedings, he must, nevertheless, exhaust properly all available remedies under that procedure before bringing a civil action in this court.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).

### B. VDOC Grievance Procedures.

OP 866.1 is the written administrative remedies procedure that VDOC inmates must follow to comply with § 1997e(a).  Meinhard Aff. Encl. A, ECF No. 20-1.  All issues are grievable except certain matters outside the control of the VDOC.  Under this procedure, an inmate with a grievance about some event or issue must first make a good faith effort to resolve his concerns informally, which he may

do by completing an Informal Complaint form and submitting it to prison staff.  He should receive a written response on the bottom of the Informal Complaint form within fifteen days, to allow him to initiate the formal grievance procedure by filing a Regular Grievance (with the Informal Complaint attached).

A Regular Grievance must be filed within thirty days of the occurrence about which it complains.  After investigation of a Regular Grievance, the warden or his designee will send the inmate a Level I response.  If the responding official determines the grievance to be "unfounded," the inmate has five days to submit the Regular Grievance and attachments on appeal to Level II, to an appropriate VDOC official such as the Regional Administrator.  In most cases, this Level II review is the final available level of appeal.  A Level III appeal is sometimes also available. "Grievances challenging the substance or interpretation of [VDOC] policies are appealable directly from Level I to the Chief of Corrections Operations, Level III. There is no Level II appeal for grievances challenging [V]DOC policies."  Meinhard Aff. ¶ 13 n.1, ECF No. 20-1.  For full exhaustion, the inmate must submit his claim via an Informal Complaint, then in a Regular Grievance, and then through all available levels of appeal in OP 866.1.

C.  Ballance's Failure to Exhaust.

Meinhard has reviewed Ballance's Grievance File at Buckingham and offers evidence and documentation of anything in that file related to Claims Two, Three, and Four in the Amended Complaint.[6]  Ballance does not dispute the accuracy of Meinhard's exhaustion evidence.

1.  Claim Three.

On August 12, 2020, Ballance filed what Meinhard accepted and designated as BKCC-20-REG-00247, his first Regular Grievance about the August 10, 2020, confiscation of his books and materials.   Meinhard. Aff., Encl. C, ECF No. 20-1.  Warden Woodson issued a Level I response, offering a report of the investigation of Ballance's complaint, and determined Ballance's grievance to be unfounded.  Woodson's Level I response advised that Ballance could appeal Woodson's finding within five calendar days to the Chief of Corrections Operations, whose mailing address in Richmond, Virginia, was provided on the Level I response.  Meinhard states:

> VDOC records document that Warden Woodson's Level I [response] was sent in the institutional mail to Ballance on August 25, 2020.  The institutional mail is the system used to deliver internal mail to inmates within their institution.  Mail sent via the institutional mail system

---

[6]  Meinhard also presents evidence regarding Ballance's exhaustion of remedies as to Claim One.  Meinhard Aff. Encl. B, ECF No. 20-1.  As stated, the defendants do not argue that Ballance failed to properly exhaust administrative remedies as to Claim One.  Therefore, I will not offer details here about the grievance proceedings related to that claim.

typically takes less than twenty-four (24) hours to reach an inmate. From my experience, Ballance would have received the . . . Level I response no later than August 26, 2020.

Meinhard Aff. at ¶ 19, ECF No. 20-1.

Ballance tried to appeal the Level I response to BKCC-20-REG-00247 by mailing his Regular Grievance and paperwork to Offender Management Services. That department did not receive Ballance's appeal until September 9, 2020.  On September 18, 2020, the Regional Ombudsman sent Ballance a letter, explaining that the appeal of the Level I response had been rejected at intake, because Ballance had failed to properly appeal that response to the Chief of Corrections Operations within the five-day timeframe required under OP 866.1.  The Ombudsman also noted that even if Ballance had appealed the Level I response directly to the correct entity, his appeal would still be considered untimely, since Offender Management Services had received the appeal outside the five-day deadline.

Ballance filed another Regular Grievance dated September 1, 2020, which Meinhard accepted and logged as BKCC-20-REG-00271.  Meinhard Aff. Encl. D, ECF No. 20-1.  This document complained that on August 10, 2020, officers came to Ballance's cell, showed him four child pornography magazines or books that they claimed to have removed from his cell, and threatened to use the materials to bring criminal charges against him.

Warden Woodson's Level I response to BKCC-20-REG-00271 was dated September 9, 2020. He described the investigation of the August 10, 2020, incident and provided the names of the four books confiscated as pornography books that day. The warden determined that Ballance's grievance was unfounded, based on VDOC policy prohibiting inmates from receiving publications that contain nudity or any sexually explicit acts, including child pornography. Ballance did not appeal the Level I response to the next level of review, the Chief of Corrections Operations, although the response instructed him how to do so.

From Meinhard's undisputed evidence of Ballance's grievance filings on the Claim Three issues, I conclude that he failed to properly exhaust administrative remedies regarding this claim before filing this lawsuit. While he filed two timely Regular Grievances raising related issues, he did not properly appeal the Level I response to BKCC-20-REG-00247, because he did not mail it to the Chief of Corrections Operations as required (and instructed). In addition, Ballance mailed his attempted appeal to a different office instead, and the appeal arrived outside the deadline required under OP 866.1. Ballance did not attempt to appeal the Level I response to BKCC-20-REG-00271. Therefore, the defendants have met their burden to prove failure to properly exhaust as required under 42 U.S.C. § 1997e(a). Moreover, Ballance has not offered any evidence on which he could show that he properly exhausted administrative remedies as to either of his Regular Grievances

about the issues in Claim Three.[7]  Therefore, I will grant the defendants' motion as to Claim Three.

      2.  Claims Two and Four.

      Meinhard's review of Ballance's Grievance File revealed a number of Informal Complaints he filed about officers taking books from his cell or bringing child pornography books into his cell.  One Informal Complaint described how Buckingham employee Forbes tried to intimidate Ballance.  However, Ballance did not pursue the issues raised in these Informal Complaints by filing any Regular Grievances related to them and then appealing to the highest available level of review.  Therefore, I conclude that the defendants are entitled to summary judgment as to Claim Four (regarding the alleged threat to bring criminal charges against him) on the ground that Ballance failed to comply with 42 U.S.C. § 1997e(a).

      Meinhard states that according to her review of the Grievance File, Ballance did not file any grievance materials (Informal Complaints, Regular Grievances, or appeals) raising the other claim in his Amended Complaint: that Robinson said on

---

[7]  With his Declaration in response to the defendants' motion, Ballance submits a copy of a Regular Grievance dated August 27, 2020, complaining that F. Martin stole three books from his cell on an unspecified date and failed to provide him with a confiscation form listing the names of the three books.  Ballance Decl. 7, ECF No. 24.  Meinhard rejected the Regular Grievance at intake, indicating that "[t]his issue did not cause you personal loss or harm" because a confiscation form was provided.  *Id.* at 8.  Ballance attempted to appeal this intake decision, but his appeal was denied as untimely filed.  Because these efforts by Ballance did not complete the required stages of OP 866.1 (properly filed Regular Grievance and all available appeals), I cannot find that they refute in any way the defendants' evidence that Ballance failed to comply with § 1997e(a).

August 28, 2020, he would amend OP 803.2(IV)(N) to prohibit inmates from receiving publications containing nudity and, afterwards, implemented such an amendment to retaliate against Ballance for his various lawsuits. Ballance's failure to pursue this claim through the required steps of the VDOC grievance procedures bars him from proceeding with the claim in this lawsuit, pursuant to 42 U.S.C. § 1997e(a). Therefore, I will grant the defendants' motion as to Claim Two on the ground that Ballance failed to comply with 42 U.S.C. § 1997e(a).

Moreover, it is clear from the evidence about the grievance procedure deadlines that Ballance could not now properly exhaust administrative remedies as to Claims Two, Three, or Four. Accordingly, I will dismiss these claims with prejudice.[8]

### III. Conclusion.

For the stated reasons, it is **ORDERED** as follows:

1.    The defendants' Motion for Summary Judgment, ECF No. 19, is GRANTED as to Claims Two, Three, and Four, on the ground of failure to exhaust administrative remedies as required under 42 U.S.C.

---

[8]    Although Defendant Woodson did not join in the Motion for Summary Judgment through counsel's oversight, I find it clear from the undisputed evidence that Ballance did not exhaust administrative remedies as to Claim Three against Woodson. Therefore, I will summarily dismiss this claim as to Woodson, pursuant to 42 U.S.C. § 1997e(a). Defendant Bryant is not mentioned as a defendant except as to Claim One.

§ 1997e(a) and these claims are hereby DISMISSED with prejudice as to all defendants;

2.    The clerk is DIRECTED to terminate the following defendants as parties to this action:  D. Forbes, J. O. Holman, D. LeSuer, F. Martin, A. Quinn, A. David Robinson, and T. Rouse;

3.    Pursuant to 28 U.S.C. § 636(b)(1)(B), this civil action is REFERRED to the Honorable Pamela Meade Sargent, United States Magistrate Judge, for further proceedings, including a bench trial, and preparation of a report setting forth appropriate findings of fact, conclusions of law, and a recommended disposition of the remaining claim (Claim One), alleging that Defendant C. A. Bryant, as directed by Defendant J. Woodson, denied Ballance a certain mailing from Typing and Inmate Services in July 2020 to prevent him from using materials in that mailing to oppose the summary judgment motion in the Eastern District lawsuit *Ballance v. Zook*, in retaliation for that lawsuit and to interfere with Ballance's right to access the court; and

4.    The Clerk will send a copy of this Opinion and Order to the plaintiff.

ENTER:  September 20, 2021

/s/  JAMES P. JONES
Senior United States District Judge

-16-